FILED

2014 Aug-29  PM 01:22
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| RICKEY Q. LONG, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ANGELA LONG, DECEASED, | ) ) ) | Case No. CaseNumber |
| | ) | Judge: MagistrateJudgeName |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SAFE HOME MONITORING, INC.; SAFE HOME SECURITY, INC; DAVID ROMAN; DOLGENCORP; GE SECURITY, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., D/B/A GE SECURITY PRO; HONEYWELL INTERNATIONAL, INC.; MONITRONICS INTERNATIONAL, INC.; SMITH & WESSON SECURITY SOLUTIONS, INC.; BRUCE CRAFT; AND FICTITIOUS PARTY DEFENDANTS A, B, C, AND D,, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a)-(b), and 1446, Defendants Safe Home

Monitoring, Inc., and Safe Home Security, Inc. (hereinafter "Safe Home"), by and through their

undersigned attorneys, hereby remove this action from the Circuit Court of Colbert County,

Alabama, to the Northern District Court of Alabama.  As grounds for removal, Safe Home states

as follows:

1.      On October 9, 2013, plaintiff Rickey Q. Long, as personal representative of the

estate of Angela Long, filed a personal injury action in the Circuit Court of Colbert County,

Alabama, cause number CV 13-900357 (the initial *Long* state court complaint attached hereto as

Exhibit A).  This lawsuit involves a fire which broke out in the Long residence on the morning of

December 15, 2012.  Several parties have been named as defendants to this suit, some of which

were never served.  Safe Home contends that plaintiff named certain defendants in this suit so as to destroy complete diversity and prevent removal to federal court.

2.     Notably, the *Long* case has been consolidated for the purposes of discovery with a lawsuit entitled *Karisa Turnley, et al., v. Safe Home Monitoring, Inc., et al.,* case number CV 2013-900078, also pending in the Circuit Court of Colbert County, Alabama.   The same attorneys represent the plaintiffs to both lawsuits.

3.     Federal courts are courts of limited jurisdiction.   To satisfy federal statutory requirements for diversity jurisdiction, no plaintiff may share the same state citizenship with any defendant.   28 U.S.C. § 1332.   When complete diversity exists between the plaintiff and defendants and the jurisdictional amount is satisfied, the defendants usually have 30 days to file a notice of removal to federal court.  28 U.S.C. § 1446(b).

4.     Because of the complete diversity requirement for subject matter jurisdiction, a plaintiff may prevent removal at the initial pleading stage simply by joining a defendant who shares the same state citizenship as the plaintiff.  *Brooks v. Paulk & Cope, Inc.*, 176 F.Supp.2d 1270, 1273 (M.D.Ala. 2001).  The filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is called fraudulent joinder.   Courts may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity.  *Id.*

5.     A defendant claiming fraudulent joinder is asserting that the theories alleged against the non-diverse defendant may not be viable.  To prove fraudulent joinder, the removing party must allege (1) there is no possibility that plaintiff can prove a cause of action against the non-diverse defendant; (2) there is outright fraud in the plaintiff's pleading of jurisdictional facts; or (3) a diverse defendant is joined with a non-diverse defendant as to whom there is no joint,

130881208v1 0942970

several, or alternative liability and that the claim against the non-diverse defendant has no real connection to the diverse defendant.  *Baker v. Tri-Nations Express, Inc.*, 531 F.Supp.2d 1307, 1312 (M.D.Ala. 2008).

6.      Additionally, the court can examine where the plaintiff's collective litigation actions, viewed objectively, demonstrate a lack of good faith intention to pursue a claim to judgment against a non-diverse defendant, the court should dismiss the non-diverse defendant and retain jurisdiction over the case.  *Faulk v. Husqvarna Consumer Outdoor Products, N.A., Inc.,* 849 F.Supp.2d 1327, 1331 (N.D.Ala. 2012).

7.      One factor a court may consider is whether the plaintiff has effectively abandoned its claim against a particular defendant by failing to serve that defendant with the summons and complaint.  A party may abandon claims against a non-diverse defendant by never serving them with the lawsuit, thereby making the case removable.  *Faulk v. Husqvarna Consumer Outdoor Products, N.A., Inc.*, 849 F.Supp.2d 1327, 1330 (N.D.Ala. 2012).   In order to demonstrate voluntary abandonment, there need not be a formal dismissal of the non-diverse party.  *Id.*

8.      In this case, as evidenced by plaintiff's initial complaint, the plaintiff and defendants were completely diverse, except for defendant Bruce Craft and unidentified defendants A, B, C, D, etc.  The citizenship and principal place of business of each defendant are as follows:

- Upon information and belief, defendant, Dolgencorp, LLC, is a registered limited liability company in the State of Kentucky, with its principal place of business in Tennessee.

130881208v1 0942970

- The Safe Home defendants are Connecticut corporations with their principal place of business in Connecticut.  Defendant David Roman is a citizen and resident of the State of Connecticut.

- Upon information and belief, defendant Smith & Wesson Security Solutions, Inc., was a Texas corporation, which divested all of its assets to FutureNet Group, Inc., on July 10, 2012.  FutureNet Group, Inc. is a Michigan corporation with its principal place of business in the State of Michigan.  Notably, Smith & Wesson Security Solutions, Inc., has not been formally served in this case.

- Upon information and belief, defendant Bruce Craft may have been a citizen and resident of Alabama.  His current location and residence is unknown.

- Upon information and belief, defendant GE Security, Inc., was a Florida corporation acquired by UTC Fire & Security Americas Corporation, Inc., on March 1, 2010.  Upon information and belief, defendant UTC Fire & Security Americas Corporation, Inc., is a New York corporation with its principal place of business in New York.

- Defendant Honeywell International, Inc., upon information and belief, is a Delaware corporation with its principal place of business in New Jersey. Honeywell has been voluntarily dismissed from this case.

- Upon information and belief, defendant Monitronics International, Inc., is a Texas corporation with its principal place of business in Texas.  Monitronics has been voluntarily dismissed from this case.

130881208v1 0942970

- Unknown defendants A, B, C, and D, etc., have not been further identified since this action was initiated in October of 2013. The current residences and citizenship of these individuals are unknown.

9.     As demonstrated above, the only potential non-diverse defendants at the time plaintiff filed his initial complaint were Bruce Craft and certain unidentified defendants. However, based on plaintiff's failure to obtain service on Bruce Craft and the unidentified defendants, it is clear that plaintiff has effectively abandoned his claims against those individuals. In this case, the court record establishes that the summons naming Bruce Craft was initially issued on October 9, 2013, but returned unclaimed on October 20, 2013. The summons was later reissued on March 27, 2014, but was never effectively served. Plaintiff has not made any further attempts to serve Bruce Craft, nor has provided any other information as to the other "unknown defendants" allegedly involved in this case. Defendants request that this Court find that plaintiff has abandoned his claims against Bruce Craft and the unidentified defendants. None of those parties should be included in this Court's analysis of diversity jurisdiction.

10.     As reiterated above, under 28 U.S.C. § 1446, a defendant usually has 30 days after receipt of the initial pleading to file a notice of removal. However, under § 1446 (b)(3), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after the defendant receives a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable. In the Eleventh Circuit, deposition testimony fulfills the "other paper" requirement in § 1446 (b)(3). *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213 (11th Cir. 2007).

11.     In this case, Safe Home and the other defendants had no knowledge of plaintiff's intent not to pursue a claim against Bruce Craft and/or plaintiff's inability to connect Bruce Craft

130881208v1 0942970

to this cause of action until the deposition of Karisa Turnley, plaintiff in the *Turnley* suit, which was taken on July 30, 2014. Karisa Turnley's deposition transcript is attached hereto as Exhibit B.

12.     In Ms. Turnley's deposition, she admitted that she has never talked to Bruce Craft (p. 515), does not really know who Bruce Craft is (p. 515), and does not remember Bruce Craft being present when she signed the alarm agreement – which is the operative document in this action (p. 695). Given plaintiff Turnley's testimony in this consolidated action that she had no contact with Bruce Craft and has no knowledge of his connection to any of the issues present in this lawsuit, it is not likely that plaintiff can assert any viable claims against Bruce Craft. Combining this testimony with the fact that neither Turnley nor Long have successfully served Bruce Craft with summons, it is clear that Bruce Craft, and the other unidentified defendants, were named strictly to prevent diversity jurisdiction and removal to federal court. Accordingly, this Court should disregard Bruce Craft and the other unidentified defendants for the purposes of diversity jurisdiction, and grant subject matter jurisdiction over the *Long* lawsuit. No parties to this action dispute that the amount in controversy exceeds the jurisdictional requirement.

13.     Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is being filed within thirty (30) days of receiving notice of "other paper" demonstrating plaintiff's inability to assert a valid claim against Bruce Craft.

14.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to the plaintiff and will be filed with the Court Administrator for the Circuit Court of Colbert County, Alabama, following the filing of this Notice.

15.     Pursuant to 28 U.S.C. § 1446(b)(2)(C), all defendants have consented to removal of this action.

130881208v1 0942970

WHEREFORE, Defendant Safe Home requests that the *Long* lawsuit now pending in the Circuit Court of Colbert County, Alabama, be removed to the United States District Court for the Northern District of Alabama.

By:   /Don G. DeCoudres
Don G. DeCoudres
**Managing Attorney**
**Law Offices of Don G. DeCoudres**
100 Concourse Parkway, Suite 155
Birmingham, AL 35244
Telephone:  205-988-5463
Direct Dial:  205-909-2073
E-Facsimile: 877-369-4895
E-mail:
Don.DeCoudres2@TheHartford.com

## <u>CERTIFICATE OF SERVICE</u>

I, Don G. DeCoudres, do hereby certify to this Court that I have, on August 29, 2014 ,
served a copy of the above and foregoing Notice of Removal upon the following counsel
involved in this proceeding by electronic filing and/or placing same in the U.S. mail, first-class
and postage prepaid:

Charles Jeffrey Ash, Esq.
Huie, Fernambucq & Stewart, LLP
2801 Highway 280
Suite 200
Birmingham, AL  35223-2484
*Attorneys for Defendant*
*Honeywell International, Inc.*

Forrest Crowell Wilson, II, Esq.
Jonathan Michael Lieb, Esq.
McDowell, Knight Roedder & Sledge, LLC
P.O. Box 350
Mobile, AL  36601-0350
 *Attorneys for Defendant*
 *UTC Fire & Security Americas Corp., Inc.*

Smith & Wesson Security Solutions, Inc.
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL  36109
 *Pro Se Defendant*

Bruce Craft
941 Shades Crest Road
No. 3
Birmingham, AL  35226
*Pro Se Defendant*

Joey K. James, Esq.
Robert W. Bunch, Esq.
 Bunch & James
210 East Tennessee Street
P.O. Box 878
Florence, AL  35631
*Attorneys for Plaintiff*

Jeffrey C. Kirby, Esq.
William T. Johnson, Esq.
 *Kirby Johnson PC*
One Independence Plaza Drive
Suite 520
Birmingham AL  35209
*Attorneys for Plaintiff*